IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RUBIN WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-00596-BL-SMD |
| | ) | |
| CHARLIE HUDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pro se Plaintiff Rubin Willis filed a form civil rights complaint against his neighbors Charlie Hudson, Debbie King, Shirley Carter, and Donny Carter (collectively "Defendants"), claiming that the Defendants witnessed the alleged destruction of his American flag.  (Doc. 1).  On January 5, 2026, the Magistrate Judge recommended that the court dismiss this action because the Plaintiff's complaint fails to establish the court's subject-matter jurisdiction, and that amendment will not cure this deficiency.  (Doc. 31).  The Plaintiff filed his purported objections to the recommendation.  (Doc. 32).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff primarily restates facts that the Magistrate Judge considered in his recommendation. Aside from restating facts, the Plaintiff appears to take issue with the Magistrate Judge's determination that amendment of the complaint would be futile. The Plaintiff states that the Magistrate Judge "said a pro se litigant must be given at least one opportunity to amend, but [the Magistrate Judge] go[es] on further by saying amendment would be 'futile.'" (Doc. 32 at 13). However, the court agrees with the Magistrate Judge's finding that, because the Plaintiff "does not complain of a constitutional violation and has not sued non-government actors that are not subject to [42 U.S.C.] § 1983 or *Bivens [v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]," amendment of the complaint would not cure these substantive deficiencies and, as a result, amendment of the complaint would be futile. Thus, because the Plaintiff

2

failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 32).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **DISMISSES** this action **WITHOUT PREJUDICE**.

All outstanding motions shall be **DENIED AS MOOT**.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 24th day of April, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE

3